UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GLENN HAYES,

                Petitioner,

v.

JONATHAN HEMINGWAY,

                Respondent.

Case No. 23-10312
Honorable Shalina D. Kumar
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 10) AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

James Glenn Hayes, who is confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a motion to dismiss the petition for lack of subject matter jurisdiction. (ECF No. 10.) For the reasons that follow, the motion is GRANTED, and the petition is DISMISSED. The Court also DENIES Petitioner's motion for counsel (ECF No. 5) and motion for expeditious consideration (ECF No. 11). The Court DENIES Respondent's motion to hold proceeding in abeyance (ECF No. 8).

**I. Background**

In 2005, Hayes was charged in the United States District Court for the Eastern District of Missouri with seven counts, each of which related to a controlled substance or firearms related offense. In December 2005, the parties reached a plea agreement pursuant to which Petitioner pleaded guilty to conspiring to manufacture a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing pseudoephedrine knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2), and the Government agreed to dismiss the remaining charges. *See Hayes v. United States*, No. 4:09-CV-116 CAS, 2012 WL 718636, at *1 (E.D. Mo. Mar. 6, 2012). The trial court further explained the plea agreement as follows:

> Although the parties were able to reach an agreement as to the charges, they were unable to reach an agreement as to the proper application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Plea Agreement at 2. They did agree that the 2004 version of the Guidelines Manual applied, and that movant should receive a three-level deduction for acceptance of responsibility pursuant to Section 3E1.1. The parties did not agree as to the base-level offense, specific offense characteristics, estimated total offense level, or movant's criminal history. It is stated in the Plea Agreement that "[t]he parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document. Furthermore, this Court is not bound by these recommendations. The refusal of this Court to follow the recommendations of the parties shall not serve as a basis to withdraw the plea." *Id*. at 7–8.

2

*Id.*

The district court sentenced Petitioner to 324 months in prison followed by 5 years supervised relief for the conspiracy count, and a concurrent sentence of 240 months and 3 years supervised release for the possession count. *United States v. Hayes*, 266 F. App'x 502, 503 (8th Cir. 2008). This sentence was a downward departure from the advisory Guidelines sentence of life. *Id.* The Eighth Circuit Court of Appeals affirmed the conviction and sentence. *Id.*

Petitioner then filed a motion under 28 U.S.C. § 2255 in the sentencing court. The trial court denied the motion. *Hayes*, 2012 WL 718636, at *19. The Eighth Circuit Court of Appeals denied a certificate of appealability. *Hayes v. United States*, No. 12-2781 (8th Cir. Nov. 30, 2012).

Petitioner then filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He claims: (1) the execution of his sentence violates his right to due process because the Government promised not to recommend any Chapter Three adjustments, but then did so; (2) the district court allowed the Government to testify falsely regarding the plea agreement during the Rule 11 inquiry; (3) the district court improperly considered Government's Chapter Three recommendations; (4) after the illegal

3

adjustments are corrected, Sentencing Guidelines Amendment 782 applies; and (5) the total offense level was incorrectly calculated.

Respondent has filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction because the case is not properly filed under § 2241. (ECF No. 10.)  Petitioner filed a response in opposition to the motion.[1]

## II. Pending Motions

Petitioner has filed a motion for appointment of counsel. Prisoners have no constitutional right to counsel in a collateral attack on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Furthermore, "habeas corpus is a civil proceeding," *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978), and the "appointment of counsel in a civil proceeding ... is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (affirming order denying prisoner's motion to appoint counsel in civil action). To determine whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir.

---

[1] Petitioner's response is attached to his motion for expeditious consideration. *See* ECF No. 11, PageID.88-93.

1987)). The Court is not persuaded that the nature or complexity of Petitioner's claims requires the appointment of counsel.

Also before the Court is Respondent's motion seeking a stay pending the Supreme Court's decision in *Jones v. Hendrix.* The motion will be denied as moot because the Supreme Court has issued a decision. *See Jones v. Hendrix*, 599 U.S. 465 (2023).

Lastly, Petitioner's motion for expeditious consideration is mooted by today's decision.

## III. Discussion

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. A petition for writ of habeas corpus is properly filed under 28 U.S.C. § 2241 when the petition challenges "the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Petitioner has already filed a § 2255 motion with the sentencing court, which was denied. *Hayes v. United States*, 2012 WL 718636 (E.D. Mo. Mar. 6, 2012). Since enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner who seeks to file a second or successive § 2255 motion must obtain prior authorization from the court

of appeals. *See* 28 U.S.C. § 2255(h). Once a federal prisoner has filed an unsuccessful § 2255 motion, as Petitioner already has done, he may file a second or successive motion only by receiving prior authorization by the court of appeals. Such authorization is granted only upon a showing of "newly discovered evidence," or a new, retroactive "rule of constitutional law." 28 U.S.C. § 2255(h)(1), (2).

Petitioner concedes that he cannot satisfy either of the two conditions under which a second or successive § 2255 motion may be filed. He also concedes that relief is unavailable under § 2255 because the one-year limitations period has expired. Petitioner argues that his motion is properly filed under § 2241 because he is challenging the *execution* of his sentence, not his conviction and sentence.

A prisoner challenges the execution of a sentence (and may proceed under § 2241) if the prisoner "argue[s] that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones v. Hendrix*, 599 U.S. 465, 475 (2023). The Sixth Circuit Court of Appeals has held that an allegation that the Government breached a plea agreement before sentencing is not a challenge to the execution of a sentence and, therefore,

cannot be filed under § 2241. *See Liddell v. Young*, 61 F. App'x 943, 943 (6th Cir. 2003); *Grover v. United States*, 2000 WL 191721 (6th Cir. Feb. 3, 2000). Petitioner asserts that the Government breached the plea agreement by its conduct prior to sentencing. Petitioner's claims go to the heart of his conviction and sentence, not to the manner in which his sentence is being executed.

Additionally, Petitioner's claims do not fall under the "saving clause" of § 2255(e). The "saving clause" allows a federal prisoner to proceed under § 2241 if the prisoner establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court clarified that the saving clause preserves recourse to § 2241 only in cases where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than

collateral attacks on a sentence." *Id.* at 474. Such unusual circumstances

may exist when, for example, the sentencing court no longer exists, or

where "'it is not practicable for the prisoner … to be present at the

hearing.'" *Id.* at 474-75 (quoting *United States v. Hayman*, 342 U.S. 205,

216 n.23 (1952). Petitioner has identified no unusual circumstances making

it impossible or impracticable to seek relief in the sentencing court. *Charles*

*v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (Section 2255 is "not

considered inadequate or ineffective simply because [ ] relief has already

been denied … or because the petitioner is procedurally barred from

pursuing relief under § 2255") (citations omitted).

Petitioner cites two Eighth Circuit cases and an Arkansas Supreme

Court case to support his claim § 2241 is the proper vehicle for asserting

that the Government breached the terms of a plea agreement. In addition

to having no precedential value, these cases do not support Petitioner's

argument.

In *Peak v. Petrovsky*, 734 F.2d 402 (8th Cir. 1984), the federal

prisoner argued that he had been denied parole as a result of the

Government's breach of a plea agreement. The Eighth Circuit held that the

petition was properly filed under § 2241 because the prisoner was

challenging the parole commission's use of dismissed charges, which

concerned the execution of his sentence, rather than the correctness of the

sentence itself. *Id.* at 405, n.6 (citing *Cohen v. United States*, 593 F.2d 766,

770-71 (6th Cir. 1969). Petitioner does not raise any parole-related claims.

Neither does the other Eighth Circuit case support Petitioner's argument. In

*Nichols v. Symmes*, 553 F.3d 647 (8th Cir. 2009), the Court of Appeals

held that a petition seeking modification of a sentence based on an alleged

breach of a plea agreement is properly filed under § 2255.

Finally, *Ellis v. Arkansas,* 288 Ark. 186 (Ark. 1986) concerned a

motion to withdraw a state court guilty plea. It does not address the

propriety of filing a claim under 28 U.S.C. § 2241 in federal court.

In sum, because Petitioner challenges his conviction and sentence

his petition is not properly filed under § 2241 petition. The Court lacks

subject-matter jurisdiction.

## IV. Order

For the reasons set forth, the Court **GRANTS** Respondent's motion to

dismiss (ECF No. 10) and the petition for a writ of habeas corpus is

**DISMISSED.**

The Court **GRANTS** Petitioner leave to appeal *in forma pauperis*

since any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court **DENIES** Petitioner's motion for appointment of counsel (ECF No. 5) and motion for expeditious consideration (ECF No. 11). The Court **DENIES** Respondent's motion to hold case in abeyance (ECF No. 8).

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**SO ORDERED.**

<u>s/Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge

Dated: March 27, 2024